

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00090-CR

---

**LASHARA WYNETTE BISHOP, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7086, Honorable Dale A. Rabe, Jr., Presiding

---

March 16, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Lashara Wynette Bishop, appeals from the trial court's judgment adjudicating her guilty of engaging in organized criminal activity, a first-degree felony, and sentencing her to fifty years of confinement. *See* TEX. PENAL CODE § 71.02. By a single issue, Appellant argues that her sentence is grossly disproportionate to the offense in violation of the Eighth Amendment. Because Appellant did not preserve this complaint, we affirm.

## BACKGROUND

Appellant was charged by information with engaging in organized criminal activity. The information alleged that Appellant, with the intent to establish, maintain, or participate in a combination, committed assault by intentionally, knowingly, or recklessly causing bodily injury to Brayden Smith by striking him with her hand. The information further alleged that she used or exhibited a deadly weapon—a 2 x 4 piece of lumber—during the commission of the offense. The trial court placed Appellant on deferred adjudication community supervision for five years, fined her $500, and made an affirmative deadly-weapon finding.

The State later moved to adjudicate guilt. It alleged that Appellant failed to complete 200 hours of community service by October 1, 2024; failed to attend, participate in, and successfully complete education classes, counseling, or rehabilitative services deemed necessary by the community supervision officer; and failed to turn herself in to the Childress County Sheriff's Office on September 25, 2024, as required by the supplemental conditions of supervision. The judgment adjudicating guilt reflects a plea of true to the motion to adjudicate, findings that Appellant violated conditions 13, 18, and 33, and a sentence of fifty years' confinement. The statutory range for a first-degree felony is five to ninety-nine years or life. *Id.* § 12.32.

## ANALYSIS

To preserve for appellate review a complaint that a sentence is grossly disproportionate, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *Smith*

2

*v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).  When the sentence falls within the statutory range, the failure to object when it is imposed or to raise the complaint in a post-trial motion waives the issue on appeal.  *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Appellant did not object when the trial court imposed her sentence.  Nor did she raise a disproportionality claim in a motion for new trial.[1]  Her complaint is therefore unpreserved.  *See* Tex. R. App. P. 33.1(a).  Appellant's sole issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

---

[1] Although she filed a motion for new trial, Appellant asserted only that the finding was contrary to the law and the evidence and that the trial court should grant a new trial in the interest of justice.